# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GLORIA MARSHAE HYDE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:19-CV-391-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

## OPINION AND ORDER

Gloria Marshae Hyde, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] on October 10, 2019. She also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, Plaintiff's Motion is DENIED. Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two

determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, Plaintiff's motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court

accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In this case, Plaintiff's Complaint fails to state a claim because she does not provide any notice of the factual basis for seeking review of the Administrative Law Judge's decision. Plaintiff submitted her Complaint on a standard "Social Security Complaint" form made available by the Court. Compl., ECF No. 1. Under the heading "Claims and Facts," the form directs a plaintiff to "[l]ist the errors made by the Social Security Administration" and to "[e]xplain why the decision of the Administrative Law Judge was wrong." Compl. at 2. However, Plaintiff's factual narrative does not include any allegations about the errors made by the Social Security Administration or why the Administrative Law Judge's decision was wrong. In other words, Plaintiff does not provide notice of the factual basis for arguing that the Administrative Law Judge's decision to deny Plaintiff's application for disability benefits was erroneous and was not supported by substantial evidence in the record. Plaintiff only provides information about evidence that supports her claim of disability, which is also required by the form.

Therefore, even presuming all well-pleaded allegations to be true, viewing the well-pleaded allegations in the light most favorable to Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, Plaintiff's factual allegations are not enough to raise Plaintiff's right to relief above the speculative level. Therefore, Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice because Plaintiff may be able to cure the deficiencies in the Complaint.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted up to and including December 10, 2019, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Court DIRECTS Plaintiff to file with the amended complaint the same attachments filed with the original Complaint, which were the Notice of Decision, proposed summons, and USM forms. Plaintiff is cautioned that, if she does not respond by the December 10, 2019 deadline, the Court will direct the Clerk of Court to close this case without further notice to Plaintiff.

SO ORDERED on November 13, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT